IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JALISHA BOND, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>      Defendant. | Case No. 1:21-cv-1578 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1446, 1453, and asserting original federal jurisdiction under 28 U.S.C. § 1332(d)(2), Defendant Amazon.com, Inc. ("Amazon"), through counsel, hereby removes the above-captioned action from the Circuit Court of Kane County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of removal, Amazon states the following:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This is a putative class action in which the size of the putative class exceeds 100 members; there is diversity between at least one member of the putative class of plaintiffs and one defendant; and, the amount in controversy exceeds $5 million, exclusive of interests and costs. This action thus is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453(b).

2.     Removal to this Court is proper because the United States District Court for the Northern District of Illinois embraces the Circuit Court of Kane County, Illinois, County Department, Chancery Division, where Plaintiff commenced this action. *See* 28 U.S.C. §§ 93(a)(1), 1442(a).

## STATE COURT ACTION

3.     On January 28, 2021, Plaintiff Jalisha Bond filed a putative class action Complaint in the Circuit Court of Kane County, Illinois, County Department, Chancery Division, Case No. 21-CH-000026, alleging that Amazon violated Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 41/1, *et seq*. *See* **Exhibit A** ("Compl.").

4.     Plaintiff alleges that Amazon "is actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the fingerprints and associated personally identifying information of thousands of Illinois residents whom [Amazon] employed in Illinois." *Id.* ¶ 4. Plaintiff alleges that she brought this action to "prevent [Amazon] from further violating the rights of Illinois residents, and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA." *Id.* ¶ 6.

5.     Plaintiff alleges that Amazon's "practices of collecting, storing and using individuals' biometric identifiers (specifically, fingerprints) and associated biometric information without informed written consent violate all three prongs of § 15(b) of BIPA," and that Amazon's "failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violates § 15(a) of BIPA." *Id.* ¶ 13.

6. For relief, Plaintiff seeks, on behalf of herself as well as a putative class, an order "[d]eclaring that [Amazon's] actions…violate, BIPA 740 ILCS 14/1, *et seq.*; [a]warding statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2)); [a]warding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring [Amazon] to collect, store, and use biometric identifiers or biometric information in compliance with BIPA; [a]warding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees; [a]warding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and [a]warding such other and further relief as equity and justice may require." *Id*. at 11 ¶¶ (B–G).

7. Amazon denies the validity and merit of Plaintiff's claims, the legal theories upon which they are based, and that Plaintiff or the putative class are entitled to any alleged claims for relief. Amazon further denies that Plaintiff ever was its employee.

8. On February 22, 2021, Plaintiff served a copy of the Complaint and Summons in the above-captioned action upon Defendant Amazon.com, Inc. *See* **Exhibit A**.

9. Plaintiff filed her Motion for Class Certification in the Circuit Court of Kane County, Illinois on February 2, 2021. *See* **Exhibit B**. No further proceedings have occurred in the state court action. *See* **Exhibit C**.

## TIMELINESS

10. Removal is timely because Amazon filed this notice within thirty (30) days of service of the Complaint on Amazon, which was on February 22, 2021. *See* 28 U.S.C. § 1446(b)(1).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

11. Under CAFA, this Court has original jurisdiction over this action because (a) the putative class includes more than 100 members; (b) there is minimal diversity of citizenship; and (c) there is at least $5 million in controversy.

### CLASS SIZE

12. The putative class Plaintiff seeks to represent includes more than 100 members. Under Plaintiff's allegations, the putative class would include "[a]ll individuals who had their fingerprints collected, captured, received, or otherwise obtained, and/or stored, by [Amazon] in Illinois." Ex. A ¶ 25.

13. While the precise number of individuals in the putative class cannot be determined until discovery, Plaintiff alleges that the class is "believed to amount to at least hundreds and possibly thousands of persons." *Id.* ¶ 26. Solely for the purposes of removal, without conceding that Plaintiff or the putative class is entitled to any relief, Amazon assumes Plaintiff's allegation that the putative class encompasses "hundreds and possibly thousands of persons," to be accurate.

### MINIMAL DIVERSITY OF CITIZENSHIP

14. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

15. Plaintiff Jalisha Bond is a natural person and at all relevant times was a resident and citizen of Illinois. Ex. A ¶ 7.

16. Defendant Amazon.com, Inc. is a Delaware corporation with its headquarters located at 410 Terry Avenue North, Seattle, Washington 98109. Amazon.com, Inc. is a publicly traded company that has no parent corporation. No publicly held corporation is known to own 10% or more of its stock. Amazon.com, Inc. is a citizen of Delaware and Washington, not Illinois.

4

17. Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See, e.g., Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity under CAFA existed when class representative was citizen of Illinois and defendant was a Delaware corporation with its principal place of business in Arizona).

### AMOUNT IN CONTROVERSY

18. At least $5 million is in controversy in this litigation. The claims of all class members may be aggregated to ascertain the amount in controversy under CAFA. 28 U.S.C. § 1332(d)(6). "In an equitable action, 'the amount in controversy is measured by the value of the object of the litigation.'" *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)).

19. Amazon's burden to demonstrate the amount in controversy is low and need show only that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Cop. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted).

20. Amazon denies the validity and merit of Plaintiff's claims, the legal theories upon which they are based, and that Plaintiff and the putative class are entitled to any alleged claims for monetary and other relief. Solely for the purposes of removal, without conceding that Plaintiff or the putative class is entitled to damages, the aggregated allegations support an amount in controversy exceeding $5 million.

21. Plaintiff seeks "statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1)" or, alternatively, "$5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2)." Ex. A at

5

11 ¶ (C). With potentially "hundreds and possibly thousands of persons" as putative class members, as alleged, the amount in controversy easily reaches $5 million: to reach $5 million in controversy the putative class would need between 500 members (assuming one BIPA 15(a) and one BIPA 15(b) violation at $5,000 per person) and 5,000 members (assuming one BIPA violation of either Section 15(a) or 15(b) at $1,000 per person). Because Plaintiff alleges the class size to be "hundreds and possibly thousands of persons," the statutory damages threshold easily has been met.

### ARTICLE III STANDING

22. Standing exists under Article III of the U.S. Constitution for both of Plaintiff's BIPA claims. First, the U.S. Court of Appeals for the Seventh Circuit's decision in *Bryant v. Compass Group, Inc.* makes clear that standing exists for Plaintiff's Section 15(b) claim, as alleged. *See Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020) ("Compass's failure to abide by the requirements of section 15(b) before it collected Smart Market users' fingerprints denied Bryant and others like her the opportunity to consider whether the terms of that collection and usage were acceptable given the attendant risks. . . . This deprivation is a concrete injury-in-fact that is particularized to Bryant. She thus meets the requirements for Article III standing on her section 15(b) claim.").

23. Second, standing exists for Plaintiff's Section 15(a) claim, as alleged. Plaintiff alleges that Amazon failed to "provide[] [P]laintiff with a retention schedule and/or guidelines for permanently destroying her biometric identifiers and biometric information." Ex. A at ¶ 24. Plaintiff further alleges, "[Amazon's] sophisticated fingerprint matching technology…compared Plaintiff's scanned fingerprint against the fingerprints previously stored in [Amazon's] fingerprint database," whenever Plaintiff clocked in and out of work. Ex. A at ¶ 19. Plaintiff alleges that

Amazon failed to provide her with a biometric retention schedule and failed to delete Plaintiff's biometric information or biometric identifiers in compliance with such a retention schedule. Plaintiff's allegations are sufficient for Article III standing. *See, e.g.*, *Crumpton v. Octapharma Plasma, Inc.*, Case No. 19 C 8402, ECF No. 50 at 1 (N.D. Ill. July 29, 2020) (Article III standing existed for Section 15(a) claim because, unlike in *Bryant*[1], plaintiff "allege[d] that Defendant Octapharma Plasma possessed her biometric information without . . . actually adher[ing] to [its] retention schedule and actually delet[ing] the biometric information"). Therefore, standing exists for Plaintiff's 15(a) claim.

## NOTIFICATIONS

24. Defendant will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

25. Defendant will promptly file a copy of this notice of removal with the Clerk of the Circuit Court of Kane County, Illinois, County Department, Chancery Division, in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

26. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the

---

[1] The Seventh Circuit held that the *Bryant* plaintiff lacked standing to pursue her Section 15(a) claim because she alleged *only* a violation of the provision of Section 15(a) that requires a company to publish a written retention schedule and guidelines for destroying biometric identifiers. *Bryant*, 958 F.3d at 626. The Court did not reach the separate question of whether a claim brought under the provision of Section 15(a) requiring *compliance* with the published retention schedule and destruction guidelines could give rise to Article III standing. Unlike the plaintiff in *Bryant*, Plaintiff here alleges Amazon failed to provide her with and otherwise comply with a retention schedule.

removal clock will have not begun to run, and Defendant reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

27. Defendant reserves all defenses and objections it may have to this action and without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, this action properly is removed to this Court.

DATE: March 22, 2021

Morgan, Lewis & Bockius LLP

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington
77 West Wacker Drive
Chicago, IL 60601
T: (312) 324-1445
F: (312) 324-1001
beth.herrington@morganlewis.com

Raechel Keay Kummer*
Clara Kollm
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: (202) 739-3000
F: (202) 739-6000
raechel.kummer@morganlewis.com
clara.kollm@morganlewis.com

*Counsel for Defendant*

*Motion for *pro hac vice* admission to be filed

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2021, I caused a true and correct copy of the foregoing **Notice of Removal** to be filed through the Court's CM/ECF System and served the below Counsel of Record via First Class U.S. Mail and electronic mail:

Carl V. Malmstrom
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

Frank S. Hedin
David W. Hall
Hedin Hall LLP
1395 Brickell Ave., Suite 1140
Miami, FL 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
fhedin@hedinhall.com
dhall@hedinhall.com

                                       /s/ *Elizabeth B. Herrington*
                                       Elizabeth B. Herrington