# EXHIBIT A



**null / ALL**
**Transmittal Number: 22801274**
**Date Processed: 02/23/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Vivian Ching<br>Lynn Foley-Jefferson<br>Joell Parks<br>Lizette Fernandez<br>Stephanie Habben<br>Marcela Viegas<br>Sara Rawson<br>Theresa Nixon<br>Gianmarco Vairo<br>Eugide Matondo<br>Michelle King<br>Rebecca Hartley<br>Jesse Jensen<br>Rochelle Lewis<br>Karen Curtis<br>Kimberly Thomas<br>Maria Catana<br>Stephen Swisher |

| | |
|---|---|
| **Entity:** | Amazon.com Services, Inc.<br>Entity ID Number  2102616 |
| **Entity Served:** | Amazon.Com, Inc. |
| **Title of Action:** | Jalisha Bond vs. Amazon.Com, Inc. |
| **Matter Name/ID:** | Jalisha Bond vs. Amazon.Com, Inc. (10984610) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Kane County Circuit Court, IL |
| **Case/Reference No:** | 21-CH-000026 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 02/22/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Carl V. Malmstrom<br>312-984-0000 |
| **Client Requested Information:** | Amazon Case Type: Class Action |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Kane _____ COUNTY | SUMMONS | For Court Use Only<br><br>*Theresa? Barreiro*<br>Clerk of the Circuit Court<br>Kane County, Illinois<br><br>2/2/2021<br><br>FILED/IMAGED |
|---|---|---|

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Jalisha Bond<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Amazon.com, Inc.<br>**Defendant / Respondent** *(First, middle, last name)* | 2021-CH-00026<br>**Case Number** |

| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent. | **1.** | **Information about the lawsuit:**<br>Amount claimed: ____ $ _____ |
|---|---|---|
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** | **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: Carl V. Malmstrom<br>Street Address, Apt #: 111 W. Jackson Blvd. Suite 1700<br>City, State, ZIP: Chicago<br>Telephone: 3129840000<br>See attached for additional Plaintiff/Petitioner contact information. |
| In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** | **Contact information for the Defendant/Respondent:**<br>Name *(First, Middle, Last)*: Reg. Agent: ILLINOIS CORPORATION SERVICE CO.<br>Street Address, Apt #: 801 ADLAI STEVENSON DRIVE<br>City, State, ZIP: SPRINGFIELD , IL 62703<br>Telephone:<br>See attached for additional Defendant/Respondent contact information |

IN-PERSON COURT APPEARANCES MAY NOT BE NECESSARY.

Please go to https://www.illinois16thjudicialcircuit.org ,

click on Attend a Remote hearing link, then click Join Hearing on the line of courtroom

to determine if your appearance in court is necessary at this time.

| **Important Information for the person receiving this form:** | You have been sued.<br>Follow the instructions on the next page on how to appear/answer.<br><br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.<br>• Your written appearance/answer must be filed on time and in the proper form.<br>• Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp<br><br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*<br>You should read all of the documents attached. |
|---|---|

Enter the Case Number given by the Circuit Clerk:_____

<table>
<tr><td>In **4**, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response.</td><td>

**4.**    **Instructions for person receiving this form (Defendant/Respondent):**

To respond to this *Summons* you must:

☐  Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐  File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☑  File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address:  Kane County Court House, 540 S Randall Rd

City, State, ZIP:  St. Charles, IL 60174

</td></tr>
</table>

<table>
<tr><td>**STOP!**

The Circuit Clerk will fill in this section.</td><td>

2/2/2021

**Witness this Date:** _____

**Clerk of the Court:** *Theresa Barreiro*

</td><td>*Seal of Court*</td></tr>
</table>

<table>
<tr><td>**STOP!**

The officer or process server will fill in the Date of Service.</td><td>

**This *Summons* must be served within 30 days of its date, listed above.**

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

</td></tr>
</table>

<table>
<tr><td>**Plaintiff/Petitioner:**</td><td>To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process.</td></tr>
</table>

<table>
<tr><td>**Attention:**</td><td>E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office.</td></tr>
</table>

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>_____ COUNTY | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | **Plaintiff / Petitioner** *(First, middle, last name)*<br>_____ | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)*<br>_____ | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| DO NOT complete this section. The sheriff will complete it. |
|---|

My name is _____ and I swear under oath
        *First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:

Male: ☐    Female: ☐    Approx. Age: _____    Hair Color: _____

Height: _____    Weight: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☐ At the Defendant/Respondent's home:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

And left it with: _____
        *First, Middle, Last*

Male: ☐    Female: ☐    Approx. Age: _____

and by sending a copy to this defendant in a postage-paid, sealed envelope to the

above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
        *First, Middle, Last*

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:_____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff, or private process server will complete it. | **By:** |

_____
*Signature*

_____
*Print Name*

**FEES**

| | | |
|---|---|---|
| By certified/registered | $ | _____ |
| Service and Return | $ | _____ |
| Miles: _____ | $ | _____ |
| Total | $ | _____ |

## IN THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS
### SIXTEENTH JUDICIAL CIRCUIT

21-CH-000026

| | |
|---|---|
| JALISHA BOND, on behalf of herself and all others similarly situated, | Case No.: _____ |
| Plaintiff, | |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

*Theresa Barreiro*
Clerk of the Circuit Court
Kane County, Illinois

**1/28/2021 1:30 PM**

FILED/IMAGED

## CLASS ACTION COMPLAINT

Plaintiff Jalisha Bond, individually and on behalf of all others similarly situated, brings this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Amazon.com, Inc. ("Defendant"), and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel and the advice and consultation of certain third-party agents as to technical matters, and demands trial by jury:

### NATURE OF ACTION

1.      Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using Plaintiff's and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without obtaining the requisite prior informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

2.      The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c).

_____

[1]      A "biometric identifier" is a personal feature unique to an individual, such as a fingerprint, handprint, iris scan, scan of face geometry, among others.

[2]      "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

**CMC DAE ON PAGE 12**

"For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.      In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, *see* 740 ILCS 14/15(a). Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *Id.* 14/15(e). Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from the individual's biometrics. *Id.* 15/15(c).

4.      In direct violation of each of the foregoing provisions of § 15(a) and § 15(b) of BIPA, Defendant is actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the fingerprints and associated personally identifying information of thousands of Illinois residents whom Defendant has employed in Illinois.    Initially collected from employees prior to or early on in their employment, employees' fingerprint are stored by Defendant in an electronic database and used to, *inter alia*, allow employees to clock in and clock out of work.    Specifically, to allow employees to clock in and clock out of work in Illinois, Defendant collects (via an electronic scanning device) the employee's fingerprint and stores the fingerprint in its fingerprint database

2

along with credentials corresponding to that employee. Then, when an employee places his or her fingerprint on one of Defendant's scanning devices to clock in and clock out of work, he or she is only granted access if the collected fingerprint matches a fingerprint stored in Defendant's database (which was collected during enrollment). Defendant forced Plaintiff and numerous other Illinois-based employees to enroll their fingerprints in its database.

5.     If Defendant's database of digitized fingerprints were to fall into the wrong hands, by data breach or otherwise, individuals to whom these sensitive biometric identifiers belong could have their identities stolen or their financial and other highly personal information breached and used for nefarious purposes. BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after their employment with the company ends. Yet Defendant never adequately informed any of its employees of its biometrics collection practices, never obtained written consent from any of its employees regarding its biometric practices, and never provided any data retention or destruction policies to any of its employees.

6.     Plaintiff brings this action to prevent Defendant from further violating the rights of Illinois residents, and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

### PARTIES

7.     Plaintiff is, and has been at all relevant times, a resident and citizen of Yorkville, Illinois.

8.     Defendant is a corporation that maintains its headquarters in Seattle, Washington. Defendant offers delivery services for customers on Amazon.com in Illinois, including at its facility in Elgin, Illinois.

3

## JURISDICTION AND VENUE

9.     The Court has personal jurisdiction over Defendant because the fingerprints that give rise to this lawsuit were and still are (1) collected by Defendant at a facility in Kane County, Illinois, (2) stored by Defendant at a facility in Kane County, Illinois, and (3) used by Defendant at facilities in Kane County, Illinois.

10.     The Chancery Division is the appropriate venue for this action because it is a class action and, additionally, because it seeks declaratory and injunctive relief.

## FACTUAL BACKGROUND

### I.     Illinois's Biometric Information Privacy Act

11.     In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers biometric information, unless it first:

> (l) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

12.     Section 15(a) of BIPA also provides:
> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

13.     As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, fingerprints) and associated biometric information without informed written consent violate all three prongs of § 15(b) of BIPA. Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violates § 15(a) of BIPA.

**II.     Defendant Violates Illinois's Biometric Information Privacy Act**

14.     Unbeknownst to the average consumer, and in direct violation of § 15(b)(1) of BIPA, Defendant scans and collects, and then indefinitely stores in an electronic database, digital copies of its employees' fingerprints during the initial process of enrolling these individuals in its databases of fingerprints in Illinois, as well as whenever employees clock in and clock out of work at one of Defendant's Illinois-based locations where Defendant's biometrics technology is used – all without ever informing anyone of this practice in writing.

15.     In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, Defendant never informed Illinois residents who had their fingerprints collected of the specific purpose and length of term for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from any of these individuals.

16.     In direct violation of § 15(a) of BIPA, Defendant does not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying any of these biometric identifiers or biometric information.

**III.     Plaintiff Jalisha Bond's Experience**

17.     In or about December 2018, Plaintiff was employed by Defendant at its facility in Elgin, Illinois (the "Elgin Facility").

18.     During the course of Plaintiff's employment at the Elgin Facility, Defendant required Plaintiff to place her fingers on a fingerprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints.

5

19.     Plaintiff was required to use her fingerprint to clock in and clock out of work at the Elgin Facility on a daily basis during her employment. Plaintiff was required to place her finger on a fingerprint scanner, which scanned, collected and stored her fingerprint each time she attempted to clock in and clock out of work at the Elgin Facility. Defendant's sophisticated fingerprint matching technology then compared Plaintiff's scanned fingerprint against the fingerprints previously stored in Defendant's fingerprint database, at which point Plaintiff was able to clock in and clock out of work at Defendant's Elgin Facility.

20.     Plaintiff never consented, agreed or gave permission – written or otherwise – to Defendant for the collection or storage of her unique biometric identifiers or biometric information.

21.     Further, Defendant never provided Plaintiff with nor did she ever sign a written release allowing Defendant to collect or store her unique biometric identifiers or biometric information.

22.     Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of her unique biometric identifiers or biometric information.

23.     By collecting Plaintiff's unique biometric identifiers or biometric information without her consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to maintain control over her biometrics.

24.     Finally, Defendant never provided plaintiff with a retention schedule and/or guidelines for permanently destroying her biometric identifiers and biometric information.

## CLASS ALLEGATIONS

25.     **Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who had their fingerprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant in Illinois.

6

The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26.     **Numerosity**: Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Class is substantial, believed to amount to at least hundreds and possibly thousands of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

27.     **Commonality and Predominance**: Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a)     whether Defendant collected or otherwise obtained Plaintiff's and the Class's fingerprints;

(b)     whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(c)     whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information;

(d)  whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

(e)  whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(f)  whether Plaintiff's and the Class's biometric information that Defendant collected was capable of identifying them; and

(g)  whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

28.  **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

29.  **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would

proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

**FIRST CAUSE OF ACTION**
**Violation of 740 ILCS 14/1, *et seq*.**
**(On Behalf of Plaintiff and the Class)**

30. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31. BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

32. Defendant is a corporation and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

33. Plaintiff and the Class members are individuals who had their fingerprints, i.e., "biometric identifiers," collected and stored by Defendant. *See* 740 ILCS 14/10.

34. Plaintiff and the Class members are individuals who had their "biometric information" collected and stored by Defendant in the form of digitally encrypted code, derived from Plaintiff's and the Class members' fingerprints, that uniquely identifies the individual to whom a particular fingerprint belongs.

9

35. Defendant systematically collected, used, and stored Plaintiff's and the Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

36. In fact, Defendant failed to properly inform Plaintiff or the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, or otherwise obtained, nor did Defendant inform Plaintiff or the Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

37. In addition, Defendant does not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiff or the Class members, as required by BIPA. *See* 740 ILCS 14/15(a). The failure by Defendant to provide Plaintiff and the Class members with a retention schedule or guidelines for permanently destroying Plaintiff's or the Class members' biometric identifiers or biometric information constitutes an independent violation of the statute.

38. Each instance in which Defendant collected, stored, used, or otherwise obtained Plaintiff's and/or the Class's biometric identifiers and biometric information as described herein constitutes a separate violation of the statute and of the right of Plaintiff and each Class member to maintain control over these biometric identifiers and biometric information, as set forth in BIPA, 740 ILCS 14/1, *et seq.*

39. On behalf of herself and the proposed Class members, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements, including BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein, and for the provision of the requisite written disclosure to consumers; (2) statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent

committed intentionally or recklessly pursuant to 740 ILCS 14/20(2)); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jalisha Bond, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C. Awarding statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2));

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

E. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

Dated: January 28, 2021                    Respectfully submitted,

                                           by: */s/ Carl V. Malmstrom*
                                           Carl V. Malmstrom
                                           **WOLF HALDENSTEIN ADLER**
                                              **FREEMAN & HERZ LLC**
                                           Attorney No. 38819
                                           111 W. Jackson Blvd., Suite 1700

Chicago, IL 60604
Tel:  (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

**HEDIN HALL LLP**
Frank S. Hedin*
David W. Hall*
1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinhall.com
              dhall@hedinhall.com

*Pro Hac Vice Application Forthcoming*

**Counsel for Plaintiff and the Putative Class**

NOTICE
**BY ORDER OF THE COURT THIS CASE IS HEREBY SET FOR
CASE MANAGEMENT CONFERENCE ON THE DATE BELOW.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING
DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.
Judge: Busch, Kevin T
5/14/2021 9:00 AM**

IN-PERSON COURT APPEARANCES MAY NOT BE NECESSARY.

Please go to https://www.illinois16thjudicialcircuit.org ,

click on Attend a Remote hearing link, then click Join Hearing on the line of courtroom

to determine if your appearance in court is necessary at this time.

12